## UNITED STATES v. ONE CHRYSLER SEDAN.

### Civ. A. No. 377.

District Court, S. D. Texas, Brownsville Division.

April 9, 1946.

Brian S. Odem, U. S. Atty., of Houston, Texas, and Chas. C. Bowie, Asst. U. S. Atty., of Brownsville, Texas, for libellant.

O. B. Garcia, of Brownsville, Texas, for claimant.

HANNAY, District Judge.

On August 10, 1945, the United States of America, acting through A. R. Kahn, Acting Collector of Customs at the port of Laredo, Texas, applied for a warrant of detention for one 1941 Chrysler sedan, motor No. C-28-19221, Serial No. 7666621, bearing State of Nebraska license No. 14-2335.

As grounds therefor, the United States alleges that on July 31, 1945, at about 8:30 p. m. Miguel Chapa, a resident of Brownsville, Texas, arrived at the United States Customs Inspection Station, Gateway Bridge, Brownsville, Texas, en route to Matamoros, Mexico. He was driving the above-described automobile, and had with him his wife and one child. Chapa was questioned as to the ownership of the automobile. He stated that it was not his property but was the property of a friend. When asked if he had written permission to drive the automobile, he said that he did not have, but stated that he did have the papers to the car. He produced the papers from the glove compartment of the automobile. These papers purported to show that the automobile was owned by Angel Tavizon, whose address was shown to be P. O. Box 1945, Brownsville, Texas.

Chapa was then questioned by Inspector of Customs, Fred F. Nyc, Jr., and he stated to said inspector that the automobile was owned by Angel Tavizon, who lived in San Antonio, Texas, and that he (Chapa) was only a mechanic employed to correct a noise in the clutch of the car; that he was en route to Mexico just for the drive, and that he intended to return to Brownsville with the automobile and his family in about thirty minutes.

Chapa later stated that the automobile was purchased by Enriqueta Tavizon, of Matamoros, Mexico, on July 31, 1945, in Brownsville, Texas, for Angel Tavizon. Later that night, on being again questioned by the Customs Agent, Chapa stated that on July 31, 1945, he was asked by Miss Enriqueta Tavizon to examine the car, as she was thinking of purchasing same. Miss Tavizon purchased the car from F. D. Cromack, in Brownsville, Texas, and thereafter she brought the automobile to his residence and asked him to make minor repairs on same and deliver it to her in Matamoros, Mexico, that night.

A warrant for further detention was duly issued on August 10, 1945, and on August 11, 1945, a petition for restoration was filed on behalf of Angel Tavizon, alleged owner and claimant, by Maria Enriqueta Tavizon, his agent in fact, the petition being signed by typewriter.

Hearing was held on the petition for restoration on December 17, 1945, before this court. Said petition alleged, among other things, that Angel Tavizon was the owner of said automobile, and that it was not intended that the automobile would be taken out of this country except possibly for a very short time. Said petition also alleged that there was no known or probable cause for the detention or seizure of said automobile.

Angel Tavizon, although alleged to be a resident of San Antonio, Texas, did not appear as a witness on the trial of the case. His sister, Enriqueta Tavizon, did appear. She admitted the purchase of the

automobile, but said that she purchased same for her brother, and with his funds. She lived at that time and now, in Matamoros, Mexico, just across the Rio Grande from Brownsville. From her appearance and manner of testifying, I have no doubt that she planned to take the car out of this country permanently and that she used the subterfuge attempted in order to do so. I am of the opinion that the automobile in question is her property, purchased with her funds, and that there was a deliberate attempt at the time on the part of Chapa, acting for her, to export said automobile without first having secured an export license therefor, in violation of law.

Therefore, not only does good cause exist for detention, but ample grounds exist for a criminal prosecution in this case.

Let order be drawn consistent with this opinion. The clerk will notify counsel.